IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-838-BO

| | |
|---|---|
| XYAIRA LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| HIGH POINT REGIONAL HEALTH | ) |
| SYSTEM, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on defendant's motion to dismiss [DE 12] and plaintiff's motion for summary judgment [18]. The motions are fully briefed and ripe for ruling. For the reasons stated herein, both motions are DENIED.

## BACKGROUND

Plaintiff Xyaira Lewis filed this complaint on December 9, 2013, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII). Specifically, Ms. Lewis alleges that she was the victim of unlawful gender discrimination by defendant High Point Regional Health System (High Point). Plaintiff is a transgendered male who identifies with the female gender. Though Ms. Lewis is anatomically a male, she is currently undergoing hormone replacement therapy in preparation for a sexual reassignment surgery in the future. Plaintiff is a certified nursing assistant (CNA). Around February 2012, she applied for three CNA positions with High Point: one in the radiology department, one in the orthopedics department, and one in the float pool. Ms. Lewis was interviewed for all three positions. Following her second interview, at which the orthopedic department manager was present, she was given a tour and introduced to other employees. Subsequently, Ms. Lewis attended her third interview, at which

she alleges that she was interviewed by a group of CNAs who harassed and ridiculed her about her status as a transsexual. Three days, later, Ms. Lewis returned for a peer interview, which was conducted by the orthopedic department manager and a unit charge nurse. Plaintiff alleges that the unit charge nurse was aware of plaintiff's status as a transsexual by this last interview. Subsequently, Ms. Lewis was informed that the unit charge nurse wanted someone with more experience.

Defendant has filed a motion to dismiss, and plaintiff has filed a motion for summary judgment. In October 2014, the Court allowed the United States Equal Employment Opportunity Commission (EEOC) to file a brief as an amicus curae [DE 25], to which High Point responded in opposition [DE 26].

## DISCUSSION

I. DEFENDANT'S MOTION TO DISMISS

A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Specificity is not required; the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S at 555 (quotation omitted). To survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant High Point's motion to dismiss relies on, *inter alia, Wrightson v. Pizza Hut of America, Inc.*, 99 F.3d 138, 143 (4th Cir. 1996), and argues that Title VII does not provide a

2

cause of action for discrimination based on sexual orientation. High Point is correct in that neither the United States Supreme Court nor that Fourth Circuit Court of Appeals has recognized Title VII as protecting individuals because of their sexual orientation. *See, e.g., Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 78–80 (1998); *Wrightson v. Pizza Hut of America, Inc.*, 99 F.3d 138, 143 (4th Cir. 1996). However, neither the Supreme Court nor the Fourth Circuit's Title VII jurisprudence has addressed transgendered status, which, as amicus EEOC points out, is different than sexual orientation.

A transgendered person is defined as an individual "who identifies with or expresses a gender identity that differs from the one which corresponds to the person's sex at birth." Merriam Webster Online Dictionary, Transgender (January 14, 2015), http://www.merriam-webster.com/dictionary/transgender. Sexual orientation is defined as "the inclination of an individual with respect to heterosexual, homosexual, and bisexual behavior." *Id.*, Sexual Orientation (January 14, 2015) http://www.merriam-webster.com/medical/sexual%20orientation. The difference between the two is further underscored by the language used in the pending legislation cited by High Point in its motion to dismiss. In 2013, the Senate passed Bill 815, titled the "Employment Non-Discrimination Act," which makes it illegal for private employers to discriminate against individuals in the workplace on account of their sexual orientation or gender identity. Senate Bill 815, 113th Cong. §§ 4, 6, 7, (2013). The distinct nomenclature underscores the fact that the two are different concepts.[1] Nowhere in her complaint does plaintiff allege

---

[1] Congress has not passed the Employment Non-Discrimination Act. The Court does not rely on it for any substantive purpose, but merely cites it to as support for the proposition that sexual orientation and gender identity are separate issues.

3

discrimination on the basis of her sexual orientation. Accordingly, defendant's motion to dismiss is DENIED.[2]

II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Cox v. Cnty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001). An issue is genuine if a reasonable jury, based on the evidence, could find in favor of the non-moving party. *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 248 (1986); *Cox*, 249 F.3d at 299. In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

As the moving party, plaintiff has the burden of demonstrating that a fact is not genuinely disputed by citing to "particular parts of materials in the record" that are admissible in evidence. Fed. R. Civ. P. 56(c). "The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 IU.S. 133, 153 (2000). Therefore, in order to prevail on her summary judgment claim, plaintiff must be able to demonstrate through admissible evidence that High Point intentionally discriminated against her because of her transgendered status. At this stage, plaintiff cannot meet her burden. Plaintiff has provided no evidence establishing that the Hospital's reason for not hiring her was because she is transgendered. The parties have not yet engaged in discovery and plaintiff has submitted no

---

[2] The Court recognizes that the EEOC's amicus brief raises a question of whether plaintiff's complaint fits within a gender–stereotyping framework. Because this issue was not raised in defendant's motion to dismiss, the Court declines to address it at this time.

4

affidavits in support of her motion, instead relying on the EEOC's reasonable cause determination letter, the EEOC investigator's typed notes of witness interviews, and internet sources discussing transgender rights.

Plaintiff may not use the EEOC's determination letter as undisputed evidence of intentional discrimination by the Hospital. *Laber v. Harvey*, 438 F.3d 404, 420–21 (4th Cir. 2006); *see also Georator Corp. v. E.E.O.C.*, 592 F.2d 765,768 (4th Cir. 1979). The Supreme Court has held "that a private-sector employee was required to introduce a genuine issue of material fact on his Title VII claim despite the fact the EEOC had made a finding of reasonable cause on that claim." *Laber*, 438 F.3d at 420 (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Moreover, the EEOC investigator's notes are nothing more than inadmissible hearsay. Fed R. Evid. 801. Even if they were admissible, they demonstrate that legitimate non-discriminatory reasons exist for plaintiff not being hired. Accordingly, plaintiff cannot meet her burden to demonstrate that there is no genuine issue of material fact as to whether High Point intentionally discriminated against her and summary judgment in her favor is inappropriate. Plaintiff's motion is DENIED.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 12] and plaintiff's motion for summary judgment [DE 18] are DENIED.

SO ORDERED, this __15__ day of January, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5